Crew, C. J.
'The point made and relied upon by-counsel for plaintiff in error as ground for the reversal of the judgment of the circuit court in -this case is, that the provisions of above Section 4202, Revised Statutes, are not operative within the limits of a municipal corporation which has assumed to regulate by ordinance the running at large of animals therein. The claim being that the grant of power to municipalities — Section 1536-100, Revised Statutes, paragraph 10 — “to regulate restrain and prohibit the running at large within the corporation, of cattle, horses, swine,” etc., is necessarily inconsistent with the operation within - the same limits, of the prohibitive provisions of said Section 4202, Revised Statutes; and therefore that no recovery could properly be had in this case against the plaintiff in error, for the reason that the village of Taylorsville had, in the exercise of the power delegated to it, assumed to legislate in respect to animals running at large in said municipality, and had not prohibited the running at large therein of milch cows. That Section 4202, Revised Statutes, is a law of a general nature and was intended by the legislature to have uniform application throughout the state, irrespective of municipal subdivisions or corporate lines, is apparent, we think, from a consideration of the language of the statute itself, and that it was the legislative intent that the provisions of said section should be operative within the corporate limits of the cities and villages of the state, seems. equally clear’ from the language employed in said statute. It is therein provided that: “No person * * * being the owner or having the charge of any * * * cattle * * * shall suffer the same to run at large *456 in any public road or highway, of in any street * * * or alley or upon any uninclosed land * * * except as hereinafter provided.” It is further enacted by Section 4207 of the same chapter, that: “A person finding an animal mentioned in section forty two hundred and two, at large, contrary to the provisions of this chapter may, and any * * * marshal * * * of any city or village, on view or information, shall take up and confine the same,” and there is affixed as a penalty for the non-performance of the duty thus imposed upon the marshal a fine of not more than twenty-five dollars or imprisonment not more than ten days or both. It is inconceivable why the legislature should have imposed this duty upon a municipal officer under such a penalty, or should in Section 4202 have used the descriptive words “street and alley,” if the statute was to be inopérative within the corporate limits of any municipality. The general grant of power to municipalities by Section 1536-100, Revised Statutes, “To regulate restrain and prohibit the running- at large within the corporation of cattle,” etc., is not exclusive, and hence such power must be exercised in subordination to, and in- conformity with, the general laws of the state, and that which the statute absolutely prohibits the municipal corporation may not by ordinance license and permit. As said by this court in The City of Canton v. Nist, 9 Ohio St., 440: “This limitation even if not expressed must doubtless be regarded as implied in all such general grants of power; for it must be presumed that the legislature would not intend to give to a corporation the power of contravening and defeating state policy by ordinances inconsistent with the laws of the state.” It may be *457 noted, that the ordinance pleaded and relied upon as a defense in this case does not affirmatively authorize the running at large of milch cows within the corporate limits of the village of Taylorsville, but enacts and provides only, “that it shall be unlawful for the owner or owners of all cattle (excepting milch cows) to allow the same to run at large within the corporate limits of said village.” But if said ordinance be construed as permitting the running at large of milch cows, within said village, still, the same is no justification or defense to a defendant in an action prosecuted under the statute; for permission from the corporation can be no defense against the statute. In the present case both the statute and ordinance relate to and cover the same subject matter; this however is permissible, and the existence or exercise of express power by the municipality does not abridge or impair the power of the state over the same subject, and where, as in the present case, the grant of power to the municipal corporation is not exclusive, the jurisdiction of the state and the municipality is concurrent. Cooley’s Constitutional Limitations, 279; McQuillan Municipal Ordinances, Sec. 500; Koch v. State, 53 Ohio St., 433. It follows, we think, that the ordinance pleaded by the plaintiff in error in this case could not avail him as a defense, in an action brought against him under the statute.

!’Judgment affirmed.

Summers, Spear, Davis, Shauck and Price, JJ., concur.